SODERSTROM *v.* ROBINSON.

(In Banc. June 8, 1942.)

[8 So. (2d) 501. No. 35019.]

H. P. Heidelberg, of Pascagoula, for appellant.

**T. J. White**, of Gulfport, for appellee.

Argued orally by **H. P. Heidelberg**, for appellant.

**Alexander, J.**, delivered the opinion of the court.

Plaintiff, Robinson, brought suit to recover damages for an alleged eviction from premises which he occupied as tenant of Soderstrom. The lease provided for an annual rental of $600, of which $150 was to be paid upon June 24, 1940, the date of its execution, $150 on September 24th, and $50 per month beginning December 24th. It was further provided that the premises might be repossessed by the landlord after thirty days' default in rental payments. It also granted to the lessee the right to make such changes and improvements thereon as may be suited to his business. Such improvements were to be made at the expense of the lessee and remain part of the building and premises at the termination of the lease.

Lessee made the initial payment, but payment on the amount due September 24th was not made on that date. Credit payments thereon were made during October, November, and December, totaling $110, leaving a balance due of $40. Neither this balance nor the $50 payment due December 24th was ever made. The declaration stated as a basis for lessees' recovery that the landlord "arbitrarily, without reason, excuse or justification sold said property to another person, canceled the plaintiff's lease thereon, and notified the plaintiff to vacate therefrom." The special plea of the landlord alleged default in payment of rent, to which the lessee pleaded a special agreement to extend payment of the delinquent rentals, stating that the consideration therefor was "improvements being made by plaintiff." The claim for damages included expenditures for improvements and additions. The plaintiff recovered judgment for $440, and defendant appeals. One of the errors assigned is the refusal of the trial court to grant the defendant a peremptory instruction.

We find in the record insufficient evidence of a physical eviction, and there is no disclosure as to any resistance by the lessee to the notice to vacate, and we are led to assume that lessee voluntarily complied with such notice without contest and reserved for this action such rights as he claimed in his replication. Putting aside, without decision, the probable insufficiency of the declaration to state a cause of action, and the effect of defendant's request for a directed verdict as keeping available an attack thereon, we will examine the case upon the theory of waiver upon which it was tried and submitted to the jury.

Since it was necessary for plaintiff to support any agreement modifying the terms of the written lease with a valid consideration, he attempted to refer such consideration to the contemplated repairs to the property, evidently viewing them as of ultimate benefit to the landlord. Taking the plaintiff's testimony as true, as

we should do in the present inquiry, we find that about the 23rd of January, the wife of lessee verbally requested landlord's agent to wait until Monday, January 27th, for the balance of $40, due the preceding September, to which the agent agreed. There appears no offer to make the payment of $50, past due since December 24th. On Saturday, January 25th, the landlord was due the sum of $90, and on that date written notice to vacate was given to the lessee. Unless lessor had waived his right so to act by an agreement supported by valid consideration, he was not legally obligated to execute it.

Since the alleged consideration for the waiver was the improvements upon the demised premises, we have examined the record carefully to discover any agreement in this regard. The wife of lessee testified as to a conversation with landlord's agent: "I told him that I was going to take half the store and partition it off, and arrange to take ten of them and put in beds and shower bath, and I said 'I will need some money for that,' and he said 'that will be fine proposition and you will make some money with all this housing project.'" It is obvious that such improvements had not been made, and that the comment of the agent did not invest such contemplated action with the dignity of legal consideration for his forbearance. And, again, in relating a conversation the preceding September with Mr. Soderstrom, she testified: "Day or two after that I was talking to Mr. Soderstrom, he said we were strangers to him, and that was the reason we demand six months in advance, and he said he didn't know we were going to do a good business, and he said it would be all right to pay it by the month, and he knew I was going to make improvements." There is no other testimony with reference to the making of improvements except as to the fact and extent thereof.

We are of the opinion that while it is possible that the landlord subjectively considered the making of improvements as a reason for forbearance, the testimony is wholly insufficient to establish a valid and enforceable

contract for which the promise to repair or the fact of previous repairs could be found to be a valid consideration, especially since the lease contract contemplated that repairs could and would be made by lessee at his expense, and that such improvements would become the property of the landlord. The landlord was free to yield to the benevolent impulses of forbearance, and while, by his subsequent notice he may have changed his mind, he did not change his rights. We cannot question his motives nor his judgment, but must recognize these rights.

The peremptory instruction requested by appellant ought to have been granted.

Reversed, and judgment here for appellant.